**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

SONYA SIZEMORE,

    Plaintiff,

vs.

PRODUCERS COOPERATIVE COMPANY, JEFFERY WILLIAM GROTHAUS, and PROGRESSIVE NORTHERN INSURANCE COMPANY,

    Defendants.

No. C 11-4044-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS OR STAY PROCEEDINGS**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *A. Issues Of Citizenship And Diversity Jurisdiction* . . . . . . . . . . . . . . . . . . 4
   *B. The Abstention Doctrine* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
      *1. Dismissal or stay* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      *2. Factors in the abstention analysis* . . . . . . . . . . . . . . . . . . . . 6
         *a. Parallelism* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
         *b. The "exceptional circumstances" factors* . . . . . . . . . . 9
            *i. Jurisdiction over a* res . . . . . . . . . . . . . . . . . 9
            *ii. Inconvenience of the federal forum* . . . . . . . . . 9
            *iii. Piecemeal litigation* . . . . . . . . . . . . . . . . . . 10
            *iv. Priority of claims* . . . . . . . . . . . . . . . . . . . 12
            *v. Controlling law* . . . . . . . . . . . . . . . . . . . . 13
            *vi. Protection of the federal plaintiff* . . . . . . . . . . 13
         *c. Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION

### A. *Factual Background*

On May 11, 2011, plaintiff Sonya Sizemore filed a Complaint (docket no. 2) in this court to recover damages from an automobile accident. Sizemore alleges that on May 23, 2009, a vehicle driven by Jeffrey William Grothaus negligently struck her vehicle at an uncontrolled intersection in O'Brien County, Iowa. She contends that she had the right-of-way at the intersection under IOWA CODE § 321.319. Sizemore further alleges that the accident caused "serious, permanent, and life-altering injuries."

Sizemore brought this action against Grothaus and his employer, Producers Cooperative Company (collectively, Producers Cooperative), and Progressive Northern Insurance Company (Progressive), the insurer of her vehicle. Sizemore alleges that Grothaus (1) was engaged in activities within the scope of his employment at the time of the accident and (2) operated his vehicle with the knowledge and consent of Producers Cooperative Company to establish Producers Cooperative Company's liability for Grothaus's alleged negligence. At the time of the accident, Sizemore drove an automobile owned by Andrew M. Horton and insured by Progressive. Sizemore asserts that the insurance policies of Grothaus and Producers Cooperative Company are inadequate to cover her losses and, consequently, she has joined Progressive as a defendant.

### B. *Procedural Background*

Sizemore brought her May 11, 2011, action asserting diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Sizemore asserts that there is complete

diversity between her and the defendants and that the amount in controversy exceeds $75,000. Sizemore alleges that she is a citizen of the state of Florida, that Grothaus and Producers Cooperative Company are citizens of Iowa, and that Progressive is a Wisconsin corporation with its principal place of business in Ohio, although it maintains substantial contacts in the state of Iowa.

Notwithstanding her filing of this federal action just two days earlier, on May 13, 2011, Sizemore also filed a complaint in the Iowa District Court in and for O'Brien County against the same parties, seeking recovery for the same damages, asserting the same series of events. In her state action, however, Sizemore alleges that she was a resident of Iowa at the time of the accident.[1]

On July 11, 2011, Producers Cooperative filed a Motion To Dismiss Or Stay Proceedings (docket no. 11) in this action in light of Sizemore's virtually identical lawsuits in federal court and state court. Sizemore filed a Response (docket no. 13) on July 25, 2011, consenting to the Motion To Stay Proceedings, but resisting the Motion To Dismiss. Producers Cooperative filed a Reply (docket no. 14) on August 1, 2011, re-asserting its request for a dismissal or, failing that, a stay.[2]

---

[1]While this court has not been made privy to the state court petition, Sizemore has not denied Producers Cooperative's assertions in its Motion To Dismiss Or Stay that the suits are virtually identical, but for Sizemore's allegation in the state court petition that she was an Iowa resident at the time of the accident.

[2]The parties dispute whether Producers Cooperative's Motion To Dismiss Or Stay Proceedings complied with Local Rule 7(*l*), because it purportedly lacks a required statement of the other parties' positions. Because Producers Cooperative's Motion requests that this court dismiss Sizemore's claim, it is clearly dispositive in nature, so that Local Rule 7(*l*) is inapplicable, even if it also requests a stay in the alternative. N.D. IA. L.R. 7(*l*) ("**Required Statement of Other Parties' Positions in Non-Dispositive Motions.**
(continued…)

## II. LEGAL ANALYSIS

### A. *Issues Of Citizenship And Diversity Jurisdiction*

Sizemore explains that she filed this action in federal court because she is (and was at the time of filing) a Florida citizen and that she filed her second action in state court, because the "potentially dispositive issues of citizenship and subject matter jurisdiction" could not be fully explored prior to the expiration of the statute of limitations. Eighth Circuit law is well-settled that the citizenship of parties is determined by their domicile at the time that the complaint is filed. *OnePoint Solutions, L.L.C. v. Borchert*, 486 F.3d 342, 346-47 (8th Cir. 2007) ("To determine jurisdiction, we look to the parties' status at the lawsuit's filing.") (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004)). The citizenship of the parties at the time of the events giving rise to the action is irrelevant. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005) ("Whether diversity of citizenship exists is determined at the time the suit is filed—not when the cause of action arose").

I am perplexed by Sizemore's rationale for filing both suits based on the question of her citizenship. There is clearly diversity of citizenship in this action, where domicile

---

[2](…continued)
All non-dispositive motions must contain a representation that counsel for the moving party has conferred in good faith with counsel for all other parties and any pro se parties concerning the motion, and a statement of whether or not the other parties consent to the motion. Non-dispositive motions include, *inter alia*: (1) motions to continue a scheduled matter or to extend a deadline; (2) motions to amend pleadings; (3) motions to add or substitute parties; and (4) motions for remand in Social Security appeals pursuant to sentence six of 42 U.S.C. § 405(g). If the moving party has not conferred with another party, the motion must contain a description of the efforts made to consult with the party and an explanation of why the efforts were unsuccessful."). Thus, Producers Cooperative was not required to confer with Sizemore prior to filing its Motion.

4

at the time the complaint is filed is determinative, *see OnePoint Solutions*, 486 F.3d at 346-47, and there are no filings by any of the defendants to challenge her citizenship. Even if the defendants could successfully dispute whether diversity exists, Sizemore's federal action could be remanded to state court. Alternatively, if her federal action were dismissed by this court for lack of subject matter jurisdiction, Sizemore could file a state claim, because Iowa's "savings" or "failure of action" statute will preserve her action. *See* IOWA CODE § 614.10 ("If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."). Sizemore alleges no basis for her federal claim other than diversity jurisdiction under 28 U.S.C. § 1332. Based on the information before me regarding the citizenship of the parties, this federal court properly has jurisdiction over this case.

### B. The Abstention Doctrine

Producers Cooperative nevertheless urges me to apply the abstention doctrine to prevent potential conflict between the federal and state court actions, alleging that the continuation of the federal action may interfere with the parallel state court action, because both actions involve matters of state law. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959). The federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," even when there is a similar state court action pending or potential for conflict between courts. *Colorado River Water Conservation Dist.*

*v. United States*, 424 U.S. 800, 813-14, 816-17 (1976). The dismissal or stay of a claim under the abstention doctrine, thus, requires "exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Id*. at 813 (internal citations omitted).

### 1. *Dismissal or stay*

The Supreme Court distinguished between actions "at law" and actions "at equity" in the application of the abstention doctrine. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719-20 (1996) (affirming reversal by the Ninth Circuit Court of Appeals of the District Court's remand to state court); *cf. Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) (allowing dismissal of a federal claim for damages based on *forum non conveniens*, rather than abstention). "Federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush*, 517 U.S. at 731. "We have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether." *Id.* at 730.

Sizemore's claim that Producers Cooperative was negligent is an action "at law" under Iowa law. *See, e.g., Werthman v. Catholic Order of Foresters*, 133 N.W.2d 104, 486 (Iowa 1965). Moreover, Sizemore does not seek any sort of equitable relief. Thus, only a stay of proceedings, not a dismissal, would be permitted in this action. *Quackenbush*, 517 U.S. at 730. Therefore, that part of Producers Cooperative's motion seeking dismissal of this federal action on "abstention" grounds will be denied.

### 2. *Factors in the abstention analysis*

As the Eighth Circuit Court of Appeals has explained,

> [A] federal court may divest itself of jurisdiction by abstaining only when parallel state and federal actions exist and

6

> exceptional circumstances warrant abstention. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).
>
> Six non-exhaustive factors have been developed to determine whether, in the case of parallel state and federal proceedings, exceptional circumstances warrant abstention. These six factors are:
>> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.
>
> *Mountain Pure[, L.L.C. v. Turner Holdings, L.L.C.]*, 439 F.3d [920,] 926 [(8th Cir. 2006)].

*Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009) (footnote omitted); *see also Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives*, 48 F.3d 294, 297 (8th Cir. 1995) (describing these factors as the *Colorado River/Moses H. Cone* factors, citing *Colorado River Water Conservation Dist*, 424 U.S. at 813-14, and *Moses H. Cone Memorial Hosp. v. Mercury Constr.*, 460 U.S. 1, 16 (1983)). The Eighth Circuit Court of Appeals has also clarified that "[t]hese factors are not intended to be exhaustive, nor are they to be mechanically applied." *Federated Rural Elec. Ins. Corp.*, 48 F.3d at 297 (citing *Moses H. Cone*, 460 U.S. at 16). Rather, a practical evaluation of these factors, as well as any additional pertinent information, should be weighed in determining if the case falls under the "clearest of justifications [that] will

warrant abstention." *Id.* (citing *Colorado River*, 424 U.S. at 819 (internal quotations omitted)).

I will consider these factors in turn.

### a. *Parallelism*

The first requirement is "parallel" actions. *Fru-Con Constr. Corp.*, 574 F.3d at 534.

> While "[t]he prevailing view is that state and federal proceedings are parallel for purposes of *Colorado River* abstention when substantially similar parties are litigating substantially similar issues in both state and federal court . . . [,] [t]his circuit requires more precision." *Fru-Con Constr. Corp.*, 574 F.3d at 535. "[A] substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.*

*United States v. Rice*, 605 F.3d 473, 476 (8th Cir. 2010); s*ee also Moses H. Cone Memorial Hosp. v. Mercury Constr.*, 460 U.S. 1, 28 (1983) (finding that the use of the abstention doctrine "necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case").

The two actions here meet this Circuit's heightened "parallelism" requirement. Producers Cooperative asserts, and Sizemore does not dispute, that the claims in the two actions involve the same defendants, the same alleged events, and the same damages. Moreover, there are no issues of federal law that a state court ruling would leave unsettled. But for Sizemore's differing statements on her citizenship, the federal and state actions are identical. Thus, there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal action, and the actions are "parallel." *Id.*

### b. The "exceptional circumstances" factors

Even when the state and federal actions are "parallel," abstention is only appropriate in "exceptional circumstances." *Moses H. Cone*, 460 U.S. at 14; *Colorado River*, 424 U.S. at 813. Even though the circumstances permitting a stay may be wider than those permitting dismissal, the ultimate consideration for either kind of abstention is "wise judicial administration." *Colorado River*, 424 U.S. at 817. I turn now to the factors guiding the "exceptional circumstances" analysis.

*i. Jurisdiction over a* **res**. The first *Colorado River/Moses H. Cone* factor is "whether there is a res over which one court has established jurisdiction." *Fru-Con Constr. Corp.*, 574 F.3d at 534. This case is a tort action for damages, not one involving property, so this first factor is not at issue here. *See Williams v. Security Nat'l Bank*, 314 F. Supp. 2d 886, 901 (N.D. Iowa 2004) (an *in personam* action for tortious conduct does not involve a *res*, so that the first factor does not warrant a stay).

*ii. Inconvenience of the federal forum*. The second factor is "the inconvenience of the federal forum." *Fru-Con Constr. Corp.*, 574 F.3d at 534. Producers Cooperative alleges that the concurrent state and federal actions present an inconvenience to the parties and the courts. Producers Cooperative admits that the traditional geographic inconvenience is not present in this case, but nevertheless urges the court to interpret inconvenience as the difficulties associated with litigation in multiple courts. Producers Cooperative offers no support for this interpretation of the inconvenience factor, nor has this court found any applicable case law. Rather, the issue is whether there is an appreciable difference in the level of inconvenience between the two fora. *See, e.g., Kingland Sys. Corp. v. Colonial Direct Fin. Group, Inc.*, 188 F. Supp. 2d 1102, 1117 (N.D. Iowa 2002). Here, the two fora are approximately seventy miles apart, and there is no evidence that the distance is burdensome to witnesses or will prevent either party

9

from presenting evidence. *Compare Colorado River,* 424 U.S. at 820 (finding a 300 mile distance between fora influential in its decision to uphold the District Court's dismissal of the federal claim); *with Burns v. Watler*, 931 F.2d 140, 147 (1st Cir. 1991) (finding that a two-hour drive for the appellee was insufficient to influence the request to stay the federal proceedings, and suggesting that inconvenience is not a matter of time or distance, rather whether the forum can sufficiently adjudicate the claim); *see also Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir. 1988) (finding that "[t]he question in the end is not whether [appellee] can demonstrate that the [federal court] is a 'better' or 'more convenient' forum. Rather, it is whether the inconvenience of the federal forum is so great that this factor points toward abstention."). I will consider the conservation of judicial resources, which more nearly addresses the concerns raised by Producers Cooperative on this factor, when I consider the "piecemeal litigation" factor. I find no reason to consider inconvenience of the federal forum, geographic or otherwise, as a factor in this decision.

   ***iii.***   ***Piecemeal litigation***. The third factor is "whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed." *Fru-Con Constr. Corp.*, 574 F.3d at 534. The issue of potential piecemeal litigation may be the most important factor in determining if a federal court should abstain. *Federated Rural Elec.*, 48 F.3d at 297 (citing *Moses H. Cone*, 460 U.S. at 16). Abstention should only occur in furtherance of "wise judicial administration," giving weight to the "conservation of judicial resources and the comprehensive disposition of litigation." *Federated Rural Elec.*, 48 F. 3d at 299 (citing *Colorado River*, 424 U.S. at 817, internal quotations omitted). Thus, the District Courts should not abstain in cases where the state claim can only dispose of some, but not all, of the legal issues. *Federated Rural Elec.*, 48 F.3d at 299.

Producers Cooperative cites *Microsoftware Computer Systems, Inc. v. Ontel Corp.*, 686 F.2d 531 (7th Cir. 1982), for the proposition that concurrent litigation in multiple fora is as "grand waste of efforts" and may result in piecemeal litigation. The instant case differs from *Microsoftware* in that the *Microsoftware* claims involved a contract dispute with the explicit language that "[t]he laws of the State of New York . . . shall govern this agreement." *Id.* at 531. The action before me has no similar requirement. Moreover, in *Microsoftware*, the New York state court would apply New York law to the case, while federal court in Chicago would apply Illinois law. *Id.* at 538. The application of two separate doctrines of law would have a substantial likelihood of causing piecemeal litigation. Here, Iowa state law applies to both of Sizemore's claims. Sizemore asserts that she has no intention of litigating both her federal and state claims and that she will drop one of the actions once the issue of her citizenship is disposed of, stating, "There will be no piecemeal litigation, as the entire case will be resolved by one court after the subject matter jurisdiction is resolved."

Producers Cooperative also argues that allowing both suits to progress is uneconomical, as there will be a duplication of the time and efforts of all parties involved. In the case cited by Producers Cooperative, *Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*, 554 F. Supp. 2d 277 (C.D. Cal. 1983), the federal court based its decision to dismiss on avoidance of piecemeal litigation and the order in which the claims were filed. In *Ryder Truck Rental*, the state action was filed eleven weeks before the federal claim. *Id.* at 281. At the time that the federal court dismissed the federal claim, the state court had made significant progress in resolving the state claim by holding hearings and ruling on provisional remedies. *Id.* The federal court also discussed the difference between repetitive suits, where the plaintiff brings the same action in a second forum, and reactive suits, where the state court defendant sues in federal court. *Id.* n.7.

The federal court suggested that dismissal of a repetitive suit that "merely binds the plaintiff to its initial choice of forum" presents a strong case for federal abstention. *Id*. The progress made by the state court in *Ryder Truck Rental*, along with the fact that the state claim was filed first, is distinct from the case before this court. Here, this federal court was Sizemore's initial choice of forum and the state court action, filed just two days later, has just begun the process of written discovery. Sizemore's statement that she will promptly drop one of her claims also prevents the waste of judicial resources.

While this court does not condone Sizemore's filing of identical suits in two courts, the issue of piecemeal litigation does not appear problematic. Sizemore has stated that she will drop one of her claims once the issue of citizenship is disposed of. The fact patterns in *Microsoftware* and *Ryder Truck Rental* are clearly distinguishable from the facts before this court, so the rationale of those courts for abstaining is inapplicable here. I find that the "piecemeal litigation" factor ultimately has little weight in the circumstances presented here.

*iv.* ***Priority of claims***. The fourth factor in the "exceptional circumstances" analysis is "which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases." *Fru-Con Constr. Corp.*, 574 F.3d at 534. This action was filed just days before the state court action, but even considering "relative progress" of the cases, there is no clear difference between the two actions. Producers Cooperative states that the parties are currently engaged in written discovery in the state court. However, from Sizemore's suggestion in her reply brief that the state court conduct discovery on the issue of her citizenship, it appears that the state claim has made little progress towards resolution of this matter. Thus, to the extent that the state court action may have made more relative progress than this action, the difference is slight, and weighs only slightly in favor of the state forum.

*v.     Controlling law*.  The fifth factor is "whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls." *Fru-Con Constr. Corp.*, 574 F.3d at 534.  Sizemore's claims in both actions are state law claims.  However, they do not involve new or novel issues of state law.  *Compare Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) (holding that abstention is proper when the federal claim involved complex state regulatory issues without state legal precedent); *Colorado River*, 424 U.S. at 814 (holding that dismissal is appropriate when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar," or the federal case may "[disrupt] state efforts to establish a coherent policy with respect to a matter of substantial public concern.").  Thus, this is not a situation in which the presence of state law claims weighs in favor of abstention.  *See Fru-Con Constr. Corp.*, 574 F.3d at 539 (finding that "the presence of state law issues [in federal court] will weigh in favor of abstention only in rare circumstances.") (citing *Moses H. Cone*, 460 U.S. at 26).  This court is more than capable of fairly and correctly trying the matter at hand.  Additionally, Sizemore sets forth the need to conduct discovery on the issue of her citizenship in her reply brief.  This argument actually favors the continuation of the federal case, because the citizenship of the parties, and whether diversity exists, is a federal issue.  Therefore, discovery on this matter should be conducted in the federal court, rather than state court.  This factor ultimately weighs in favor of the federal court.

*vi.     Protection of the federal plaintiff*.  The last *Colorado River/Moses H. Cone* factor is "the adequacy of the state forum to protect the federal plaintiff's rights." *Fru-Con Constr. Corp.*, 574 F.3d at 534.  This case is unusual, from the perspective of application of the abstention doctrine, in that Sizemore filed both the state and federal actions.  Thus, to the extent that the question is which forum better protects the federal

13

plaintiff's rights, the only right at issue is the plaintiff's choice of forum. *See Fru-Con Constr. Corp.*, 574 F.3d at 539-40 ("The plaintiff's choice of forum should rarely be disturbed") (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)); *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) ("Federal courts give considerable deference to a plaintiff's choice of forum"). That choice was, in the first instance, the federal forum. Although the Eighth Circuit Court of Appeals has proposed consideration of "whether the federal or state suit is filed . . . for a vexatious, reactive or tactical reason," *Federated Rural Elec.*, 48 F.3d at 299, Sizemore's filing of a second, "protective" state-court action—even if unnecessary, as explained above, in Section II.A.—does not have the smack of impermissible forum shopping. *Id.* (finding forum-shopping insufficient grounds for abstention).

Thus, this factor weighs in favor of this federal forum.

### c. Summary

No pertinent factor weighs significantly in favor of the state forum over the federal forum, while more factors weigh in favor of the federal forum. In short, a practical evaluation of these factors falls well short of providing the "clearest of justifications [that] will warrant abstention." *Federated Rural Elec. Ins. Corp.*, 48 F.3d at 297 (citing *Colorado River*, 424 U.S. at 819 (internal quotations omitted)).

## III. CONCLUSION

The pendency of essentially identical actions in state and federal court here simply does not involve issues of "wise judicial administration" or "exceptional circumstances" that would warrant abstention by this court. *See Moses H. Cone*, 460 U.S. at 14; *Colorado River*, 424 U.S. at 813 & 817. Much, much more would be required for this court to eschew its "virtually unflagging obligation . . . to exercise the jurisdiction given

14

[it]," even when there is a similar state court action pending. *Colorado River*, 424 U.S. at 813-14, 816-17.

THEREFORE, Producers Cooperative's July 11, 2011, Motion To Dismiss Or Stay Proceedings (docket no. 11) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 19th day of September, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA